UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND MILANO, | : |
| Plaintiff, | : |
| | : Civil Action No. 14-1263 (JAP) (TJB) |
| v. | : |
| | : **OPINION** |
| FEDERAL EXPRESS CORPORATION, et al., | : |
| Defendant. | : |

PISANO, District Judge.

Plaintiff Raymond Milano ("Plaintiff" or "Milano") has filed this action against his former employer, Defendant Federal Express Corporation ("Defendant" or "FedEx"), alleging numerous claims stemming from his termination from the company after twenty-six years of employment. This matter comes before the Court upon a Motion to Dismiss filed by Defendant FedEx [ECF No. 4]. Plaintiff opposes the Motion. The Court has considered the parties' submissions and held oral argument on October 9, 2014. For the reasons set forth below, the Court grants Defendant's Motion to Dismiss.

**I.     Background**

The following allegations are summarized from the Complaint, and must be taken as true in deciding this Motion to Dismiss.[1]

Plaintiff was hired by FedEx on or about February 22, 1982. Plaintiff alleges he was a model employee throughout his twenty-six years of employment with FedEx. His reviews

---

[1] *See Newman v. Beard*, 617 F.3d 775, 779 (3d Cir. 2010) ("We accept all factual allegations as true, construe the amended complaint in the light most favorable to [the plaintiff], and determine whether, under any reasonable reading of the…complaint, he may be entitled to relief.").

1

averaged 6.4 out of 7. He also won the "Pride Award," a prestigious award given to only one employee a year. As an employee, he worked well over 59 hours a week. He had reached the top pay scale of approximately $26 per hour, and had five weeks of vacation per year. Plaintiff had also maximized his pension, and was building towards a second pension. At the time he was terminated, Plaintiff was approximately number five in seniority out of approximately 250 people at the Edison, New Jersey facility.

During his entire employment with FedEx, Plaintiff called out twice on Christmas Eve. The final time he called out was during his final year of his employment with FedEx, when, as a result of his father-in-law passing away, he took three days of bereavement leave. This leave included Christmas Eve. Plaintiff alleges that all employees are entitled to such bereavement leave, especially those whom are as senior as Plaintiff. Plaintiff alleges that FedEx management frowned upon the fact that he was missing Christmas Eve, despite his seniority and alleged entitlement to this bereavement leave.

Plaintiff alleges that the combination of his bereavement leave, his high pay scale, his five weeks of vacation, and his beginning of a second pension caused FedEx management, including David Lobell ("Lobell"),[2] to "conspire and fabricate" stories that Plaintiff was harassing ten employees of a Gap store that was only one of the hundreds of businesses to which Plaintiff made deliveries. This Gap store was managed by Lobell's son's girlfriend. Gap employees who were managed by Lobell's son's girlfriend made various complaints against Plaintiff. Plaintiff did not know most of these employees. While Plaintiff was out on bereavement leave, Lobell allegedly made false statements in front of Plaintiff's coworkers,

---

[2] Lobell is a named as a defendant in this case, but has yet to be served.

2

telling Plaintiff's coworkers that Plaintiff had sexually harassed no less than ten women in one store. Lobell then threatened to kill Plaintiff for what he allegedly did at the Gap.

Upon Plaintiff's return to work, he was called into his manager's office, allegedly without any due process, and was escorted off the premises "pending investigation." Compl. ¶ 26. Plaintiff was told to return three days later, at which point he was given a termination letter from FedEx.

Plaintiff alleges that these statements by Lobell affected his position in the company, his reputation, his ability to work with other employees, his promotions and pay, and other aspects of his employment and personal life. Plaintiff alleges that Lobell was aware that the statements and representations he made about Plaintiff were false when he made them, and asserts that these false representations were made in an attempt to discredit him and cause him problems in the workplace, as well as to cause him emotional distress. He alleges that FedEx and Lobell planned and conspired to terminate Plaintiff as a result of his pay rate, vacation time, second pension, and for calling out on Christmas Eve, with knowledge that if they terminated Plaintiff they could replace him with a new employee who would make less money, have a different pension and less vacation, and would save them on overtime pay.

On January 7, 2014, Plaintiff filed an eight-count Complaint in the Superior Court of New Jersey, Middlesex County, Law Division. On February 14, 2014, FedEx removed to this Court based on diversity jurisdiction and federal question jurisdiction. In his Complaint, Plaintiff alleges the following claims: (1) "hostile work environment/wrongful termination" in violation of "public policy and various New Jersey and/or Federal statutes," Compl. First Count, ¶ 4; (2) interference with prospective economic advantage; (3) intentional infliction of emotional distress; (4) libel/slander/defamation; (5) breach of fiduciary duty; (6) breach of contract; (7)

breach of implied covenant of good faith and fair dealing; and (8) "concert of action." Compl. Eighth Count.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). All reasonable inferences must be made in the Plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010).

In order to survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). When assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Any legal conclusions are "not entitled to the assumption of truth" by a reviewing court. *Id.* at 679. Rather, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id. See also Fowler*, 578 F.3d at 210 (explaining that a proper complaint "must do more than allege a plaintiff's entitlement to relief").

4

A statute of limitations defense may appropriately be raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(6) under the law of this Circuit (the so-called "Third Circuit Rule"). The Third Circuit Rule permits a limitations defense to be raised "if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (quoting *Hanna v. U.S. Veterans Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)). "If the [statutory] bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978*). See also Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 1 (3d Cir. 1994) ("While the language of Fed. R. Civ. P. 8(c) indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading.").

**IV.   Discussion**

    A.    *Counts One and Three of Plaintiff's Complaint*

In Counts One and Three of his Complaint, Plaintiff has brought tort claims for "hostile work environment/wrongful termination" and intentional infliction of emotional distress. As an initial matter, in his Opposition, Plaintiff has disavowed that his claim for "hostile work environment/wrongful termination" in Count One of his Complaint is a discrimination claim under the New Jersey Law Against Discrimination ("NJLAD") or Title VII. *See* Pl.'s Opp. Br. at 3. Plaintiff argues that his cause of action is based upon FedEx's decision to terminate him, based upon some alleged intention to replace him with a lower costing, new employee in order to avoid the costs of Plaintiff's seniority, second pension, high pay scale, and five weeks of

vacation. *See id.* While sympathetic to Plaintiff's plight, the Court cannot ascertain what possible cause of action exists for such an employment decision, if not based upon a possible membership in a protected class by Plaintiff. At oral argument, counsel for Plaintiff was unable to elucidate what the actual cause of action would otherwise be; accordingly, for that reason alone, Plaintiff's claim for "hostile work environment/wrongful termination" should be dismissed.

Even if the Court were to assume that Plaintiff had successfully stated a claim for some sort of non-discrimination based tort of hostile work environment or wrongful termination, it would fail for the same reason that Plaintiff's claim for intentional infliction of emotional distress must fail. Under New Jersey law, tort claims have a two-year statute of limitations. *See* N.J. Stat. Ann. § 2A:14–2 ("Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within 2 years next after the cause of any such action shall have accrued."); *see, e.g.*, *Hardwicke v. American Boychoir School*, 188 N.J. 69, 85 (2006) (noting that tort claims, including those for intentional infliction of emotional distress, are subject to a two year statute of limitations).

Here, Plaintiff has alleged that he was hired on or about February 22, 1982. He alleges that he was employed by FedEx as a courier for twenty-six years, meaning he was terminated in 2008.[3] Accordingly, Plaintiff was obligated to bring his claims within two years of their accrual, or by 2010. Plaintiff did not commence this lawsuit until 2014, making his claims extremely untimely. At oral argument, counsel for Plaintiff did not dispute that neither the continuing violation doctrine nor the discovery doctrine tolled the statute of limitations of these claims.

---

[3]At oral argument, counsel for Plaintiff stated that Plaintiff was terminated on January 9, 2008.

Therefore, because Plaintiff's tort claims are untimely on the face of his Complaint, Counts One and Three are dismissed.

      B.    *Count Two of Plaintiff's Complaint*

In Count Two of Plaintiff's Complaint, he brings a claim for intentional interference with his prospective economic advantage.  Unlike Plaintiff's other tort claims, intentional interference with one's economic relations is subject to a six-year statute of limitations.  *See* N.J. Stat. Ann. § 2A:14-1; *Patel v. Soriano*, 369 N.J. Super. 192, 247 (App. Div. 2004) (explaining that the malicious interference claims are subject to a six-year statute of limitations).  Plaintiff's claim, however, suffers from numerous other deficiencies, and must be dismissed.

In order to state a claim for intentional interference with prospective economic advantage under New Jersey law, a party must establish:

> (1) a plaintiff's existing or reasonable expectation of economic benefit or advantage; (2) the defendant's knowledge of that expectancy; (3) the defendant's wrongful, intentional interference with that expectancy; (4) the reasonable probability that the plaintiff would have received the anticipated economic benefit in the absence of the interference; and (5) damages resulting from the defendant's interference.

*Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1167 (3d Cir. 1993) (citing *Printing Mart–Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 751–52 (1989)).  Even assuming that Plaintiff has successfully alleged some sort of protectable economic relationship—an issue that this Court will delve into further below—Plaintiff's Complaint cannot plausibly allege a claim for intentional interference with prospective economic advantage because the tort punishes those who "lur[e] away, by devious, improper and unrighteous means, . . . the customer of another." *Printing Mart*, 116 N.J. at 750.  In other words, "it is 'fundamental' to a cause of action for tortious interference with a prospective economic relationship that the claim be directed towards defendants who are not parties to the relationship." *Id.* at 751.  Here, Plaintiff's claim is against

7

FedEx.  *See* Compl. Second Count; Pl.'s Opp. Br. at 4 (explaining that his claim is based upon "FedEx terminat[ing] plaintiff as a result of his starting a second pension, having such a high pay rate, five weeks vacation [sic], and all the other financial and medical benefits that came along with the position.").  Accordingly, because tortious interference only exists to protect parties from outside interference with an existing or prospective contractual relationship, Plaintiff's claim fails as a matter of law and must be dismissed.

      C.      *Counts Five, Six, and Seven of Plaintiff's Complaint*

In his Complaint, Plaintiff has brought claims for breach of fiduciary duty, breach of contract, and breach of implied covenant of good faith and fair dealing, all of which are premised upon the existence of an alleged contractual relationship between Plaintiff and FedEx.  *See* Pl.'s Opp. Br. at 10–11.[4]  Under New Jersey law, employment is presumptively at-will, meaning "either the employer or employee can terminate their relationship at any time and for any reason."  *Armato v. AT & T Mobility LLC*, A-2754-11T2, 2013 WL 149671, at *2 (N.J. Super. Ct. App. Div. Jan. 15, 2013) (citing *Peck v. Imedia, Inc.,* 293 N.J. Super. 151, 162–63 (App. Div.), *certif. denied*, 147 N.J. 262 (1996)).  This presumption is overcome, however, if "an agreement exists that provides otherwise." *Witkowski v. Thomas J. Lipton, Inc.,* 136 N.J. 385, 397 (1994).

Here, Plaintiff has failed to plead any facts to establish the existence of any express or implied contractual agreement between Plaintiff and FedEx.  The only reference to any sort of

---

[4] Plaintiff appears to rely upon the alleged contractual relationship between FedEx and himself as the basis of his fiduciary duty claim.  For the reasons discussed above, the Court finds that Plaintiff has failed to appropriately allege the existence of either an express or implied contractual relationship between Plaintiff and FedEx.  However, even if the Court were to find that Plaintiff appropriately pled a contractual relationship, Plaintiff's claim for breach of fiduciary duty would still fail because "[u]nder New Jersey law, a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law."  *Perkins v. Wash. Mut., FSB*, 655 F. Supp. 2d 463, 471 (D.N.J. 2009).  Here, Plaintiff has not pled any other independent duty owed to him by FedEx.

contract between Plaintiff and FedEx in the Complaint is Plaintiff's assertion that "[t]he Employment Agreement between plaintiff and FedEx constitutes [an] enforceable contract." Compl. Sixth Count at ¶ 2.  Plaintiff, however, provides no facts to support his legal conclusion that there was an "enforceable contract" between Plaintiff and FedEx.  Likewise, in his Opposition, Plaintiff asserts that, "[a]t the very least, there was an implied contract between plaintiff and defendant after an employment career of 26 years with the same company."  Opp. Br. at 10.   Plaintiff, however, cannot defeat the presumption of at-will employment by relying solely on Plaintiff's long career at FedEx; rather, in order to state a claim for a breach of either an express or an implied contract of employment, Plaintiff must point to specific language in either the employment contract or some other widely spread employment document, such as an employment manual, that shows "an express or implied promise concerning the terms or conditions of employment."  *Witkowski*, 136 N.J. at 393; *see also Saget v. Wells Fargo Bank, N.A.*, CIV. 2:13-03544, 2013 WL 6188638, at *2 (D.N.J. Nov. 26, 2013); *Doll v. Port Auth. Trans-Hudson Corp.*, 92 F. Supp. 2d 416, 423 (D.N.J. 2000).  Plaintiff's failure to do so is fatal to his claims here.  While a legal conclusion may provide the framework of a complaint, it must be supported by factual allegations in order to survive a motion to dismiss under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 679; *Fowler*, 578 F.3d at 210.  Accordingly, because Plaintiff has alleged no facts to support the existence of any enforceable employment agreement between himself and FedEx, his breach of contract, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealings must be dismissed.

        D.     *Plaintiff's Remaining Counts*

In Count Four of his Complaint, Plaintiff alleges claims for defamation, slander, and libel.  These claims are subject to a one-year statute of limitation under New Jersey law.  *See* N.J.

Stat. Ann. § 2A:14-3 ("Every action at law for libel or slander shall be commenced within 1 year next after the publication of the alleged libel or slander."); *see also Churchill v. State*, 378 N.J. Super. 471, 475–76, 478 (App. Div. 2005). At oral argument, Plaintiff's counsel conceded that these claims were untimely. Accordingly, Count Four must be dismissed.

Likewise, in Count Eight of the Complaint, Plaintiff has brought a claim for "concert of action," alleging that the named Defendants "pursued a common plan or design to commit a fraud on plaintiff in which they conspired among themselves to engage in a fraudulent scheme to defraud the plaintiff." Compl. Eight Count at ¶ 2. Like several of Plaintiff's other counts, Plaintiff's claim lacks any factual allegations that support his claim generally, nevertheless that would appropriately satisfy the heightened pleading standards for fraud that exist under Federal Rule of Civil Procedure 9(b).[5] At oral argument, counsel for Plaintiff conceded that there was no allegations of fraud in the Complaint. Accordingly, Count Eight must be dismissed.

## V. Conclusion

For the foregoing reasons, Defendant FedEx's Motion to Dismiss is granted. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: October 20, 2014

---

[5] Rule 9(b) requires that "in all averments or fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). In general, the complaint must describe the "who, what, when, where and how of the events at issue." *In re Rockefeller Ctr. Props. Secs. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002) (citations and quotations omitted). Rule 9(b)'s heightened pleading standard for fraud claims is meant "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Mach. v. Southmost Mach.*, 742 F.2d 786, 791 (3d Cir. 1984).